IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION AS RECEIVER FOR | : | |
| FIRST CORNERSTONE BANK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-4518 |
| | : | |
| v. | : | |
| | : | |
| EDWARD FILBY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                 October 27, 2016

First Cornerstone Bank (the "Bank") purchased the defendant's real estate at sheriff's sale after foreclosing on the property. The Bank then filed an action in ejectment in the Court of Common Pleas of Chester County, Pennsylvania ("Court of Common Pleas"). In response to the ejectment action, the defendant filed an answer and counterclaims against the Bank in opposition to the ejectment. The Court of Common Pleas ultimately entered separate orders (1) granting summary judgment in favor of the Bank on the ejectment action and providing it with exclusive possession of the property, and (2) dismissing the counterclaims, finding that they were an impermissible collateral attack on the sheriff's sale. The defendant appealed from both orders to the Superior Court of Pennsylvania.

While the case was on appeal, the Bank went into receivership and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for the Bank. The Superior Court granted the FDIC's motion to substitute itself for the Bank in the underlying state appellate action. The FDIC then removed the action from the Superior Court to this court, and filed an application to dismiss the case in its entirety for lack of subject-matter jurisdiction, alleging that

the defendant failed to exhaust his administrative remedies pursuant to the Financial Institutions Reform and Recovery Enforcement Act of 1989, by failing to file a claim against the Bank with the FDIC.

Because it appears the defendant was required to file—and failed to file—a timely claim as to his counterclaims after the FDIC became receiver for the Bank, the court will grant the application to dismiss insofar as it seeks to have the court dismiss the counterclaims for lack of subject-matter jurisdiction. With respect to the ejectment action, however, the Bank filed the action, not the defendant. Therefore, the defendant was not required to file a claim with the FDIC, and the motion to dismiss is properly denied. Nonetheless, as the Court of Common Pleas has already entered judgment in favor of the Bank with respect to the ejectment action, and as no party has filed any other motions for the court's consideration with respect to this judgment, the court will adopt the Court of Common Pleas' judgment in the ejectment action, and enter judgment for the FDIC.

## I.      FACTUAL AND PROCEDURAL HISTORY

The *pro se* defendant, Edward Filby ("Filby"), obtained two mortgages from the Bank: A first mortgage he acquired in August 2006 and used to purchase a property located at 138 West Main Street, Pottstown, PA 19465 (the "Property"), and a second mortgage on the Property he obtained from the Bank in May 2007. Notice of Rem. to the U.S. Dist. Ct. for the E.D.P.A. ("Not.") at Ex. D, Doc. Nos. 1, 1-1.[1] At some point, the Bank determined that Filby defaulted on the second mortgage and foreclosed on the property. *Id.* The Bank eventually purchased the Property at sheriff's sale. *Id.*

---

[1] The plaintiff attaches "[a] copy of all process, pleadings, and orders served by or upon the FDIC as Receiver" as Exhibit D to the notice of removal. Not. at ¶ 14. Due to the number of documents attached as Exhibit D, they are contained at Document Numbers 1 and 1-1 on the Electronic Filing System.

On October 31, 2014, the Bank, now owner of the property, filed an ejectment action against Filby in the Court of Common Pleas of Chester County.  *Id.*  Filby filed counterclaims on July 13, 2015, alleging fraud, misrepresentation, failure to disclose, conversion, theft, embezzlement, and unjust enrichment.  *Id.*  The Bank moved to strike Filby's counterclaims on November 24, 2015, and moved for summary judgment on its ejectment action on November 30, 2015.  *Id.*

On February 10, 2016, the Court of Common Pleas entered two orders:  The first order granted the Bank's motion for summary judgment in the ejectment action, granting it exclusive possession of the Property (the "ejectment order"); the second order dismissed Filby's counterclaims against the Bank as an improper collateral attack on the sheriff's sale (the "counterclaims order").  *Id.*  Filby filed a timely notice of appeal from both orders to the Superior Court of Pennsylvania on February 17, 2016.  *Id.*

On May 6, 2016, the Department of Banking and Securities of Pennsylvania (the "Department") took possession of the Bank, and appointed the FDIC as receiver.  Not. at ¶¶ 4, 5. On that same date, the FDIC accepted the appointment.  *Id.*  The Department filed a notice of receivership in the Court of Common Pleas of Montgomery County, on May 10, 2016.  *Id.* at ¶ 4. The FDIC then filed an application to have the Superior Court substitute it as a party to Filby's appeal on June 13, 2016.  *Id.* at ¶ 6.  Filby filed a brief in support of his appeal in the Superior Court on July 25, 2016.  Not. at Ex. D.  The Bank filed an application to quash Filby's brief and appeal as untimely and defective on July 29, 2016.  *Id.*  Filby filed an administrative claim with the FDIC on August 9, 2016, alleging damage to various items of his personal property caused when the Bank removed them from the Property following his ejectment.  Federal Deposit Insurance Corporation's Appl. to Dismiss the Instant Case Due to Appellant Filby's Failure to

Exhaust All Mandatory Administrative Remedies ("Appl. to Dismiss") at ¶ 25 & Ex. D.  On August 12, 2016, the Superior Court granted the FDIC's application to substitute.  Not. at ¶ 7 & Ex. D.

The FDIC filed a notice of removal on August 17, 2016.  Doc. No. 1.  On August 24, 2016, the FDIC filed the instant application to dismiss for lack of subject-matter jurisdiction. Doc. No. 2.  Filby failed to file a response to the application to dismiss.  The court heard oral argument on September 19, 2016, and all parties were in attendance.  Minute Entry, Doc. No. 5.

## II.    DISCUSSION

In the application to dismiss, the FDIC asserts that Filby's failure to file a proper administrative claim regarding the subject-matter of this litigation, as required by the Financial Institutions Reform and Recovery Enforcement Act of 1989 ("FIRREA"), deprives the court of subject-matter jurisdiction in this case.  Appl. to Dismiss at 1-6.  The instant application is somewhat unique because of the procedural posture of the case, namely, it is a removed matter that had been on appeal to the Superior Court after the Court of Common Pleas entered judgment in favor of the Bank on the ejectment action and dismissed Filby's counterclaims.  In such a case (where a party, like the FDIC, removes a case to federal court following the entry of judgment by a state court), the Third Circuit has directed that district courts follow a procedure by which the court adopts the judgment of the state court unless a party files a motion to alter, modify or open the judgment within thirty days of the case being docketed.  *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 68-69 (3d Cir. 1993).  More specifically, the procedure provides:

> In all cases removed to the district court after judgment has been entered by a
> state court, the parties may, within thirty days of the date the case is docketed in
> the district court, file motions to alter, modify, or open the judgment.  After
> briefing or argument as it deems advisable, the district court should enter an order
> granting or denying such relief.

4

>If the motion is denied or if the parties fail to file motions within the thirty-day period, the district court should enter an order adopting the state court judgment as its own.  Parties then desiring to appeal shall observe the appropriate federal rules of procedure as applicable to a judgment of the district court.  To the extent feasible and with necessary modifications, briefs prepared for the state appellate court may be used in the Court of Appeals.
>
>We emphasize that motions directed to the district court shall not require it to act as an appellate court. Rather, the motions that we envision are those in the nature of proceedings under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or those seeking to reopen to allow [the newly-appointed receiver] to present issues not previously raised in the state litigation.

*Id.* (internal citation and footnote omitted).

Here, the FDIC filed its application to dismiss, challenging the court's subject-matter jurisdiction on August 24, 2016.  Doc. No. 2.  The court alerted the parties to the above procedure on September 6, 2016.  *See* Order at 1-2, n.1, Doc. No. 3.  No other motions were filed within 30 days of removal.   Accordingly, the court must address the FDIC's motion challenging subject-matter jurisdiction before an order can be entered adopting the state court judgment.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2]  While the FDIC does not expressly state that it brings the instant application to dismiss as a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court may properly consider such a motion at this stage of the litigation.[3]  In this regard, the court "may hear a motion to dismiss [an action] for lack of subject-matter jurisdiction under Rule 12(b)(1) at any stage of the case, even following trial." *Id.* at *2 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977)).  Because the FDIC is effectively seeking to challenge the court's subject-matter jurisdiction, the court

---

[2] Rule 12(h)(3) permits the court to address subject-matter jurisdiction *sua sponte* "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject [matter]." *Commonwealth, Dep't of Envtl. Prot. v. FDIC*, No. CIV. A. 96-4578, 1997 WL 634495, at *3 (E.D. Pa. Sept. 26, 1997) (citing Fed. R. Civ. P. 12(h)(3)).

[3] Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by written motion. *See* Fed. R. Civ. P. 12(b).

analyzes the FDIC's application as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).[4]

Rule 12(b)(1) requires the court to grant a motion to dismiss if the court lacks subject-matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack" *Id.* (citation omitted). "In reviewing a facial challenge, which contests the sufficiency of the pleadings, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (quotations and citation omitted). "If this is a factual attack, however, it is permissible for a court to review evidence outside the pleadings." *U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citation omitted). A jurisdictional challenge is factual if "it concerns not an alleged pleading deficiency, but rather the actual failure of [the plaintiff's] claims to comport with the jurisdictional prerequisites." *Id.* (quotation marks and citation omitted).

Here, the FDIC asserts that Filby has failed to satisfy the statutory jurisdictional requirements for actions brought against a bank in receivership. Therefore, the FDIC's challenge is factual, and the court may "look beyond the pleadings to decide factual matters relating to jurisdiction." *Church of Universal Bhd. v. Farmington Twp. Sup'rs*, 296 F. App'x 285, 288 (3d Cir. 2008) (citation omitted).

FIRREA authorizes the FDIC to act as a receiver for failed financial institutions, and creates an administrative claims process for institutions in financial receivership. *See Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 279 (3d Cir. 2013) (discussing FIRREA); *Rosa v.*

---

[4] The court's consideration of subject-matter jurisdiction under Rule 12(b)(1) rather than Rule 12(h)(3) does not change the analysis or the ultimate resolution of the issue.

*Resolution Trust Corp.*, 938 F.2d 383, 388 (3d Cir. 1991) (same).  The FDIC, as receiver of an insolvent financial institution, initiates the administrative claims process by publishing notice to the institution's creditors of the date by which creditors must present their claims (the "claims bar date").  12 U.S.C. § 1821(d)(3)(B)(i).  Claims filed after the claims bar date are disallowed, and absent certain exceptions not relevant here, disallowance is final.  *See* 12 U.S.C. § 1821(d)(5)(C) (permitting review of claims filed after the claims bar date only when the claimant did not receive notice of the appointment of the receiver, and the claimant files a claim in time to permit payment); *Centennial Assocs. Ltd. P'ship v. FDIC*, 927 F. Supp. 806, 810 (D.N.J. 1996) (explaining that with certain exceptions, "claims not filed with the FDIC before [the claims bar date] are deemed disallowed").

If a creditor files a claim with the FDIC prior to the claims bar date, the FDIC must render a decision on the creditor's claim within 180 days.  *See* 12 U.S.C. § 1821(d)(5)(A); *Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 63 (3d Cir. 1991), *as amended on denial of reh'g* (Nov. 13, 1991).  If the FDIC denies a creditor's claim or fails to render a decision within the allotted 180–day period, then the claimant has 60 days to: (1) request an administrative review of the claim; (2) file suit on the claim in the district where the failed institution's principal place of business is located; or (3) continue a judicial action commenced prior to the FDIC's appointment as receiver.  *See Praxis Props., Inc.* 947 F.2d at 63 (citing 12 U.S.C. § 1821(d)(6)(A)).

The administrative claims procedure is exclusive. *See FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991).  FIRREA expressly limits a claimant's ability to bypass the administrative claims process by strictly limiting the jurisdiction of courts to review claims against the FDIC:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D); *see Praxis Props., Inc.*, 947 F.2d at 63 (explaining FIRREA's limitation on jurisdiction). The jurisdictional restriction outlined in section 1821(d)(13)(D) applies to (1) claims for payment from the assets of the failed financial institution, (2) actions for payment from those assets, and (3) actions for a determination of rights to those assets. *See Rosa*, 938 F.2d at 393. This jurisdictional restriction is a statutory exhaustion requirement. *See Tellado*, 707 F.3d at 279 (citations omitted). Therefore, "to obtain jurisdiction to bring a claim in federal court, one must exhaust administrative remedies by submitting the claim to the receiver in accordance with the administrative scheme for adjudicating claims detailed in § 1821(d)." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B.*, 28 F.3d 376, 383 (3d Cir. 1994); *see Praxis Props., Inc.*, 947 F.2d at 63 ("[A] claimant against a failed thrift must exhaust FIRREA's administrative remedies before commencing a judicial action." (citation omitted)).

Here, the FDIC seeks dismissal of the entire action – the FDIC's ejectment action and Filby's counterclaims – based on Filby's purported failure to exhaust administrative remedies. Essentially, the FDIC argues that the appeal before the Superior Court, now removed to this court, should be dismissed. But at this stage, this court is not acting as an appeals court. *Nernberg*, 3 F.3d at 68-69 (internal citation and footnote omitted). Thus, the focus of the court is not on the appeal, but rather on the judgments entered by the Court of Common Pleas, *i.e.* (1)

summary judgment in favor of the Bank in the ejectment action, and (2) dismissal of Filby's counterclaims.

In arguing for dismissal of the entire action, the FDIC does not distinguish between the ejectment action and Filby's counterclaims.  More importantly, the FDIC does not articulate a basis, or cite to any legal authority, as to why any aspect of the Bank's ejectment action would be subject to the claim-exhaustion requirement.  The court has also not located any support for requiring a defendant in an ejectment action to file a claim with the FDIC; rather, the case law states to the contrary:

> [I]t is clear that a defense or affirmative defense is not properly called an "action" or a "claim" but is rather a *response* to an action or a claim.  When a lawyer files a responsive pleading to an action or claim, she does not say that she is bringing an action or filing a claim; instead, she says that she is answering, responding to, or defending against an action.   The jurisdictional bar contained in § 1821(d)(13)(D) therefore does not apply to defenses or affirmative defenses.

*National Union Fire Ins. Co. of Pittsburgh, Pa.*, 28 F.3d at 393 (internal footnote omitted).[5] Based on the above, FIRREA's statutory exhaustion requirement does not apply to the Bank's ejectment action, and the court is not deprived of subject-matter jurisdiction.  Accordingly, the court will deny the FDIC's motion to dismiss with respect to the ejectment action and, following the Third Circuit's procedure for cases that are removed from a state appellate court, will adopt the trial court's order granting the FDIC's motion for summary judgment in the ejectment action against Filby.

As for Filby's counterclaims, the court agrees with the FDIC that dismissal is proper because Filby has failed to satisfy FIRREA's statutory exhaustion requirement.  Filby filed his counterclaims against the Bank in July 2015, long before the Department appointed the FDIC as

---

[5] The Third Circuit also pointed out that "[o]f course, if in addition to raising defenses or affirmative defenses to an action or claim, a party also raises *counterclaims*, such counterclaims would fall under § 1821(d)(13)(D)'s jurisdictional bar, because a counterclaim *is* a 'claim.'"  28 F.3d at 394.

receiver for the Bank in May 2016.  Not. at Ex. D.  When the Department appointed the FDIC as receiver, FIRREA's procedural requirements went into effect, including its mandatory administrative claims process.  When the FDIC subsequently filed an application to substitute it as a party to Filby's appeal on June 13, 2016, the application notified Filby that the Bank had gone into receivership.  *Id.*  During oral argument, Filby did not dispute that he had notice of the claims bar date.

On August 9, 2016, one day prior to the FDIC's August 10, 2016 claims bar date, Filby filed a claim with the FDIC for damages to his personal property that occurred during his ejectment.  Appl. to Dismiss at Ex. D.  However, as Filby conceded during oral argument, the administrative claim did not include the issues which were pending before the Superior Court (and removed to federal court), including his counterclaims which were dismissed by the Court of Common Pleas.  The claims bar date having now passed, Filby is precluded from filing an administrative claim addressing his counterclaims.  12 U.S.C. § 1821(d)(5)(C).  Therefore, Filby has not (and cannot) satisfied FIRREA's statutory exhaustion requirement with respect to his counterclaims, thus depriving the court of jurisdiction to hear them.  12 U.S.C. § 1821(d)(13)(D); *Praxis Properties, Inc.*, 947 F.2d at 63.

Filby's contention (referenced during oral argument) that his pre-receivership appeal to the Superior Court satisfies FIRREA's statutory exhaustion requirement is simply not supported by the weight of authority.  *See e.g., Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir. 1991) (finding that although a litigant had a pending action against a failed institution at the time the institution went into receivership, the litigant had to file a claim under the procedure set forth in 12 U.S.C. § 1821(d) for the court to have jurisdiction over the claim); *Kosicki v. Nationstar Mortg., LLC*, 947 F. Supp. 2d 546, 556-57 (W.D. Pa. 2013) (holding that

the plaintiffs were required to file an administrative claim with the FDIC to retain their court proceedings against the receiver); *Glover v. Washington Mut. Bank, F.A.*, No. CIV. A. 08-990, 2009 WL 798832, at *6 (W.D. Pa. Mar. 20, 2009) (rejecting the plaintiff's argument that the statutory exhaustion requirement does not apply in pre-receivership cases); *Resolution Trust Corp. v. Kolea*, 866 F. Supp. 197, 201-02 (E.D. Pa. 1994) (Pollak, J.) (concluding that a litigant with a pending action against a failed financial institution at the time it goes into receivership "is . . . obligated to submit to the administrative claims process within the prescribed time period on pain of dismissal of the judicial claim by the court in which it was filed" if the litigant is "notified of (1) the appointment of the RTC as receiver of the institution, and (2) the pertinent RTC administrative processes for review of claims and the time period within which a pending claim should be submitted to the RTC"). Filby failed to file a claim with the FDIC regarding the substance of his counterclaims; therefore, the court is statutorily deprived of jurisdiction to hear them. Accordingly, the court must properly dismiss Filby's counterclaims for lack of subject-matter jurisdiction.

### III.    CONCLUSION

Although the FDIC has moved to dismiss this case for lack of subject-matter jurisdiction, it has not distinguished between the Bank's eviction action and Filby's counterclaims. Filby was not required to exhaust his administrative remedies with respect to his defenses to the ejectment action, but he was required to exhaust with respect to his counterclaims insofar as they sought either payment from the Bank or a determination of his rights with respect to the Property. With respect to the counterclaims, Filby failed to follow the claim procedure set forth in 12 U.S.C. § 1821(d) by failing to file a claim by the claims bar date. Thus, Filby has failed to exhaust his

administrative remedies.  Therefore, the court will dismiss the counterclaims without prejudice for lack of subject-matter jurisdiction.[6]

Concerning the ejectment action, the court will not dismiss this part of the case because Filby did not have to exhaust any administrative remedies relating to his defenses to ejectment. Nonetheless, as neither party filed any motion for the court's consideration other than the instant motion to dismiss, the court will follow the Third Circuit's procedure for cases removed following an entry of judgment by a state court and adopt the judgment of the Court of Common Pleas with respect to the FDIC's ejectment action.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] If the court was not dismissing the counterclaims due to Filby's failure to exhaust, the court would follow the same procedure referenced above for adopting the state court's order dismissing Filby's counterclaims because Filby did not file any motion seeking to have the court vacate or modify that order within 30 days after removal.